IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jefferson D. White,                    :

        Plaintiff             :        Civil Action 2:10-cv-1037

v.                                      :        Judge George C. Smith

Michael J. Astrue, Commissioner
of Social Security,                     :        Magistrate Judge Abel

        Defendant
                                        :

**ORDER**

      This matter is before the Court on plaintiff Jefferson D. White's June 8, 2011 objections to Magistrate Judge Abel's May 27, 2011 Report and Recommendation.  The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Jefferson D. White is not disabled within the meaning of the Act.  The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

      Plaintiff argues that the Magistrate Judge failed to consider extensive evidence that would support a finding that plaintiff has the requisite deficits in adaptative functioning to meet Listing 12.05C. Plaintiff argues that his ability prepare meals from a can, use the microwave, and make sandwiches does not mean that he is not mentally retarded because the listing does not require an individual to be incapable of very

simple tasks.  The fact that Mr. White cannot cook anything more complicated than warming a can of soup supports a finding that there are deficits in adaptive functioning. Plaintiff also argues that the Magistrate Judge has failed to show any evidence that would support a finding he can live independently. Mr. White lives with his wife, and he is dependent on her to remind him about his appointments and medications.  His wife also performs all of the cooking and cares for the children. Plaintiff further argues that the Magistrate Judge failed to recognize that plaintiff's insufficient work history is indicative of his deficits in adaptive functioning. His work record demonstrates his difficulty in keeping a job for any length of time, and the majority of his past work was unskilled.

>The administrative law judge stated:
>
>The record does not [show] significant deficits in adaptive functioning before the age of 22. The claimant has lived, and currently lives, independently, has a successful history of successful work activity, and demonstrates no difficulties in personal functioning, such as bathing, grooming, and feeding. The record does contain IQ scores within the required range, and as noted by Dr. White, a diagnosis of mental retardation is not appropriate because there is no evidence that the claimant functioned within that level of intellect at any time prior to age 22. Accordingly, it cannot be found that the claimant's impairment satisfies the requirements of paragraph C.
>. . .
>[T]here is no basis to find that the IQ scores obtained by Dr. White are invalid. However, as set forth above, the record does not support a finding that the claimant experienced significant adaptive deficits during the developmental period and, therefore, the only appropriate diagnosis is borderline intellectual functioning.

(R. 21-22.) The Report and Recommendation states:

>The administrative law judge noted that Dr. White diagnosed plaintiff with borderline intellectual functioning and illiteracy. (R. 24.) The

2

> administrative law judge concluded that plaintiff retained the ability to understand, remember, follow instructions and perform simple repetitive tasks, and no evidence contradicted this finding. *Id.*  The administrative law judge acknowledged that plaintiff had valid IQ scores necessary to meet Listing 12.05(C). The administrative law judge concluded, however, that the record did not contain any evidence suggesting that plaintiff had the requisite deficits in adaptive functioning. He relied plaintiff's previous employment, his ability to live independently, and the fact that the consultative psychologist refrained from diagnosing mental retardation.
>
> The record contains substantial evidence supporting the administrative law judge's decision. While its true that plaintiff's school records indicate his scores were in the educable mentally retarded range, no additional factors that affected his educational performance were identified. (R. 75-76.)  A questionnaire concerning plaintiff's daily activities indicated that he used to help with caring for his children and completing housework, but he was no longer able to. His inability to perform these activities was the result of his physical impairment rather than mental retardation. (R. 114.) He also reported that he could prepare meals from a can, microwave meals, and make sandwiches. (R. 115.) He could occasionally do the laundry, but he required help with lifting. (R. 116.) His limitations in his daily activities were primarily attributed to a physical impairment, not a mental impairment. He also reported that he spent time with others playing cards and visited with sister and father-in-law. (R. 117.) Plaintiff argues that the record demonstrates that he had difficulty performing activities of daily living, and relied on the statement of the examining psychologist that he had poor hygiene. His poor hygiene also seems attributable to his complaints of back and shoulder pain. According to a treatment note from Holzer Medical Clinic, plaintiff "does not seem to be able to do much, and [his wife] is having to help him get out of bed and perform ADLs." (R. 202). The administrative jaw judge's finding is also supported by the Dr. Williams, the state agency psychologist.

Doc. 12 at 11-12 (footnotes omitted). Although plaintiff argues that White's employment history suggests he was not able to hold a job for long, as the Magistrate Judge noted, White maintained long-term employment from 1997 until he last worked in 2004. He was employed by one employer during 1997-1999, and he worked five years for his last employer. (R. 121 and 256.) Plaintiff's objections are without merit. The record contains

3

substantial evidence supporting the administrative law judge's conclusion that White did not have the requisite deficits in adaptive functioning. Despite plaintiff's insistence that a sporadic employment history demonstrated deficits, plaintiff also had periods of employment that demonstrate a lack of such deficits.  Furthermore, the record also suggests that plaintiff's limitations were the result of a physical impairment rather than mental retardation.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.  Plaintiff's motion for summary judgment is **DENIED.**  Defendant's motion for summary judgment is **GRANTED.**  The decision of the Commissioner is **AFFIRMED.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant.  This action is hereby **DISMISSED.**

    /S/ George C. Smith

George C. Smith
United States District Judge